CHARLES M. HUNTINGTON *vs.* BENJAMIN BISHOP, trustee of ELIAKIM SPOONER.

CHITTENDEN.
*January*,
1831.

When a trustee process is sued out under the act relating to absconding or concealed debtors, the writ must be served on the principal debtor by leaving a copy thereof at the house of his usual abode, or at his last and usual place of abode within this state ; otherwise, the process will abate.

And such copy must be left, though the debtor has not resided in this state for a number of years, and has no place of abode within it.

In this case the writ directed the officer " to summon *Benjamin Bishop* of Richmond, trustee of *Eliakim Spooner*, late of Rich-

CHITTENDEN
January,
1831.

Huntington,
vs.
Trustee of
Spooner.

mond, an absconding or concealed debtor." The further direction required by the statute, commanding the officer to leave a copy of the writ at the last and usual place of abode of the absconding debtor, was not inserted in any part of the writ. The writ was properly served on *Bishop*, the trustee, but no copy was left at the last and usual place of abode of the principal debtor, *Spooner*, nor any service whatever made, as to him. The trustee appeared and pleaded in abatement the want of service on the principal debtor; and the plaintiff replied, " that *Spooner* had no " place of abode within this state when said writ issued, nor at " any other time afterwards; nor was he then, nor has he any " time since been, within this state; nor has he, for the last " five years next preceding the issuing of said writ, resided in this " state, nor had any place of abode within it; nor has he ever " had any family in this state." To this there was a demurrer.

After argument, *the opinion of the Court was delivered by*

WILLIAMS, J.—The trustee, in this case, pleads in abatement of the plaintiff's writ, that no service has been made on the principal debtor. The plaintiff, to avoid this plea, replies in substance, that the principal debtor, *Spooner*, at the time of issuing this writ, had no place of abode in this state. To retain this process in court, we must either decide that circumstances may exist under which an action may be sustained against the principal debtor without any service, or that the service made in this case may be considered as a service on the principal debtor within the equity of some of the existing statutes on this subject.

The fallacy of the first position will be obvious when we consider the nature of the proceeding against trustees of absconding or concealed debtors. It is a suit between the plaintiff and the principal debtor. The controversy is between them. The process against the trustee is solely for the purpose of securing the debt or demand due from the trustee to the principal debtor, and is extending the same right of attachment to property in action which by the general act is given only as to property in possession. Unless the principal debtor is before the court by some process or service provided for by statute, it is obvious that there is no action depending which can be sustained in court.

This sufficiently appears from every part of the statute. It is provided in the first section, that the process shall be served on the principal debtor, as well as on the trustee; and if actual notice has not been given to the principal debtor, the court are re-

CHITTENDEN
January,
1831.

Huntington
vs.
Trustee of
Spooner.

quired to continue the cause, and direct notice to be given in the same manner as is provided in the 55th section of the judiciary act.

By the fourth section it is provided, that if judgement is rendered in favor of the trustee, that he has no effects of the principal debtor in his hands, no farther proceedings shall be had against the principal debtor, unless he shall have been personally notified of the suit, or shall have actually appeared; and by the providing clause to the fifth section the same provision is made in regard to proceedings against the principal debtor when the trustee has effects to a less amount than his cost. Indeed, in every provision of the statute, it is considered that the principal debtor is the party, whose interest alone is to be affected by a judgement in the action. Nothing short of a positive enactment of the legislature would authorize or justify a court in sustaining a process against any one when there is no legal service upon him, unless that service is dispensed with by an actual appearance.

We will then enquire whether the service made in the case under consideration, can be considered as service on the principal debtor within the equity of any of the statutes made to regulate the service of writs. It has been contended, that unless this return is sustained, there is no method by which service could have been made in this cause, and that it will be sufficient to give notice to the principal debtor by publication, as is provided in the 55th section of the judiciary act. The first consideration cannot be urged to a court. If the statute is defective—if this is a *casus omissus*, it is for the legislature, and not for the court, to supply the defect. The second reason offered is answered by observing that publication in the newspapers, as provided for by the section of the statute before mentioned, is not a substitute for service, but is directed for the purpose of giving actual notice to a defendant when a legal service has already been made, and when a suit is actually depending.

It has also been urged that this proceeding may be compared to a service of a writ of attachment. But in every case where a writ of attachment is to be served by taking personal or real estate, a particular provision is made for leaving a copy with the defendant, or some one connected with him as agent, tenant or attorney. If there is no such tenant, agent or attorney, a copy left with a town or county clerk is in certain cases declared to be a sufficient service. This, however, is deemed to be a sufficient service, *only*, by the express words of the statute; and there is no such provision in the statute relating to absconding and concealed debtors.

CHITTENDEN
January,
1831.
___

Huntington
vs.
Trustee of
Spooner.

Considering the proceedings to be in the nature of an attachment, this writ and service is the same as if the goods and chattels or real estate of *Spooner* had been taken by the officer, and no copy left either with him, his tenant, agent, or attorney. It has also been urged that the trustee is, in contemplation of law, the agent of the principal debtor; and it is true that by the sixth section of the trustee act, certain duties are laid on him, and he is authorized to appear and defend the principal debtor, if the court shall permit him. But the trustee is not made the agent of the principal debtor for the purpose of receiving any notice required by any of the statutes to be given to the defendant in such suit. And furthermore, the plaintiff in this case has not treated him as such agent by leaving any copy with him as such.

On an examination of all the statutes which have been passed on this subject, we see no difficulty in complying with their requisitions, and in making a legal service on the absconding debtor. The service required on the principal debtor is evidently the same as is to be made on a writ of summons. The direction in the writ which is ordered to be made by the fifth section of the additional act, passed November 10, 1807, contemplates that the copy shall be left at the absconding debtor's last and usual place of abode. Now, in as much as this trustee process is only applicable to those debtors who are concealed within the state, or have absconded therefrom, such debtor must either have, at the time of issuing the writ against him and his trustee, a home or place of his usual abode in this state, or must have had such place of abode at the time of his having absconded therefrom. By comparing the twenty sixth section of the judiciary act with the fifth section of the act additional to the trustee act before mentioned, it will be evident that the writ must be served on the principal or absconding debtor by leaving a copy at the house of his usual abode, or at his last and usual place of abode within this state. When no such copy has been left, there is no service on the principal debtor within the provisions of the statute; and no reasons can be admitted for dispensing with such service, nor can any process be sustained in court against any defendant, unless he is served with that process in some of the ways pointed out by statute.

Judgement therefore is rendered that the writ abate.

*Briggs*, for plaintiff.

*Maeck*, for defendant.